# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### ERIE PENNSYLANIA

| | |
|---|---|
| ROBERT MARSHALL, ) | |
| ) | No. 1:25-CV-43 |
| Plaintiff ) | |
| ) | RICHARD A. LANZILLO |
| v. ) | Chief United States Magistrate Judge |
| ) | |
| BRANDON PETERSON, et al., ) | |
| ) | ORDER |
| Defendants ) | |

Plaintiff Robert Marshall has submitted a proposed civil complaint, received by the Clerk of Courts on February 11, 2025, and lodged at civil case number 1:25-cv-43. To proceed in federal court, a plaintiff must either pay a filing fee in the amount of $350.00, plus a $55.00 administrative fee, for a total of $405.00, or file a Motion for Leave to Proceed in forma pauperis ("IFP Motion"). If seeking leave to proceed in forma pauperis, the plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor" and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(1) and (2).

After reviewing the document(s) you have submitted, the Court has determined that additional action is required before this matter can move forward. To proceed, you must remedy the following deficiencies:

_____ **UNSIGNED COMPLAINT**. Your complaint has been received without your signature.

_____ **INCOMPLETE COMPLAINT**. Your complaint appears to be missing pages.

_____ **ILLEGIBLE COMPLAINT**. Your complaint is illegible.

__XX__ **NO FILING FEE OR IFP MOTION**. You have not filed a properly supported motion for leave to proceed in forma pauperis or paid the $405.00 filing fee. A properly supported IFP motion must include the affidavit and certified institutional account statement described below.

_____ **NO AFFIDAVIT**. You have not included "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). This requirement only applies if you are seeking leave to proceed in forma pauperis.

_____ **NO PRISONER TRUST FUND ACCOUNT STATEMENT**. You have not submitted a certified institutional account statement for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(a)(2). This requirement only applies if you are seeking leave to proceed in forma pauperis.

\_\_\_\_   **NO INMATE AUTHORIZATION/WITHDRAWAL OF ACTION**.  To proceed in forma pauperis, you must complete the enclosed form authorizing the inmate account officer at your institution to remit, in monthly installments, the full filing fee.

\_\_\_\_\_   **OTHER**: _____

For the foregoing reasons, your complaint has been lodged, but not filed, and your papers are not being processed any further.  To proceed, you must cure the deficiencies designated above within **thirty (30) days from the date of this notice.**  If the Court does not receive the above documents within that time, the Court may recommend that this matter be dismissed for failure to prosecute.

In the meantime, the Clerk of Court is directed to mark this case administratively CLOSED.[1]  When you have met all the requirements outlined above, this matter will be reopened and your paperwork will be processed.

**IT IS SO ORDERED.**

s/ Richard A. Lanzillo
RICHARD A. LANZILLO
Chief United States Magistrate Judge

**DATED**: 4/3/2025

---

[1] Such an administrative termination is not a "dismissal."  Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication.  *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted).  Because an administration termination "has no legal significance beyond removing the case from [the court's] active docket," it does not prejudice the substantive rights of the parties.  *Massey v. Pfeifer*, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017).  That said, failure to comply with this order within a reasonable time may result in a recommendation that this matter be dismissed for failure to prosecute.